UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HECTOR SOLER,

Plaintiff,

-against-

THE NEW YORK RACING ASSOCIATION INC.
d/b/a/ NYRA,

Defendant.

---

Case No. 1:25-cv-02084

**ANSWER TO THE
COMPLAINT**

Defendant, The New York Racing Association, Inc. ("NYRA"), by and through its

attorneys, Jackson Lewis P.C., for their Answer to Plaintiff Hector Soler's ("Plaintiff") Verified

Complaint (the "Complaint"), hereby states as follows:

### AS TO "NATURE OF THE ACTION"

1. Defendant denies each and every allegation in Paragraph "1" the Complaint,

except admits Plaintiff was employed by NYRA for a period of time.

### As to "Wage & Hour Claims"

2. The allegations contained in Paragraph "2" of the Complaint constitute legal

conclusions to which no response is required. To the extent that a response is deemed required,

Defendant denies each and every allegation set forth in Paragraph "2" of the Complaint.

3. The allegations contained in Paragraph "3" of the Complaint constitute legal

conclusions to which no response is required. To the extent that a response is deemed required,

Defendant denies each and every allegation set forth in Paragraph "3" of the Complaint.

4. The allegations contained in Paragraph "4" of the Complaint constitute legal

conclusions to which no response is required. To the extent that a response is deemed required,

Defendant denies each and every allegation set forth in Paragraph "4" of the Complaint.

**As to "Discrimination"**

5. The allegations contained in Paragraph "5" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "5" of the Complaint.

**As to "Retaliation"**

6. The allegations contained in Paragraph "6" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint.

7. The allegations contained in Paragraph "7" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "7" of the Complaint.

8. The allegations contained in Paragraph "8" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "8" of the Complaint.

**As to "Cobra Violations"**

9. Defendant denies each and every allegation set forth in Paragraph "9" of the Complaint.

**As to "Common Law Violations"**

10. The allegations contained in Paragraph "10" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "10" of the Complaint.

11. The allegations contained in Paragraph "11" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "11" of the Complaint.

12. Defendant denies each and every allegation set forth in Paragraph "12" of the Complaint, except admits Plaintiff asserts that jurisdiction is proper.

13. Defendant denies each and every allegation set forth in Paragraph "13" of the Complaint, except admits Plaintiff asserts that supplemental jurisdiction is proper.

14. Defendant denies each and every allegation set forth in Paragraph "14" of the Complaint, except admits Plaintiff asserts that venue is proper.

**AS TO "PARTIES"**

**As to "Plaintiff"**

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. The allegations contained in Paragraph "16" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "18" of the Complaint, except admits Defendant NYRA employed Plaintiff from in or about December 2000 to March 2025.

19. Defendant denies each and every allegation set forth in Paragraph "19" of the Complaint.

20. Defendant denies each and every allegation set forth in Paragraph "20" of the Complaint, except avers that NYRA is a not-for-profit corporation incorporated under the laws of the State of New York.

21. Defendant denies each and every allegation set forth in Paragraph "21" of the Complaint, except admits Defendant NYRA conducts its business throughout the calendar year at Aqueduct Racetrack, Belmont Racetrack, and Saratoga Racecourse.

22. Defendant admits the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies each and every allegation set forth in Paragraph "23" of the Complaint, except admits Plaintiff reported to Juan Dominguez for a period during his employment with Defendant NYRA.

### As to "Plaintiff's Work History"

24. Defendant denies each and every allegation set forth in Paragraph "24" of the Complaint, except admits Plaintiff began his employment with Defendant NYRA in or about December 2000 and held the position of Head Starter for a period of time during his employment.

25. Defendant denies each and every allegation set forth in Paragraph "25" of the Complaint, except admits Plaintiff began his employment with Defendant NYRA in or about December 2000 as the Assistant Starter.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies each and every allegations set forth in Paragraph "27" of the Complaint, except admis Plaintiff began his employment with NYRA as an Assistant Starter.

28. Defendant denies each and every allegation set forth in Paragraph "28" of the Complaint, except admits NYRA compensated Plaintiff for all hours worked during his employment with NYRA.

29. Defendant denies each and every allegation in Paragraph "29" of the Complaint, except admits NYRA's Assistant Starters were unionized at some point during Plaintiff's employment with NYRA.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies each and every allegation set forth in Paragraph "33" of the Complaint.

34. Defendant denies each and every allegation set forth in Paragraph "34(a)-(m)" of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff was the recipient of awards in his professional capacity outside of his employment with NYRA.

35. Defendant denies each and every allegation set forth in Paragraph "35" of the Complaint, except admits Plaintiff held the position of Head Started for a period of time during his employment with Defendant NYRA.

36. Defendant denies each and every allegation set forth in Paragraph "36" of the Complaint, except admits NYRA compensated Plaintiff for all duties performed in the Head Starter position.

37. Defendant denies each and every allegation set forth in Paragraph "37" of the Complaint, except admits NYRA entered into an employment agreement with Plaintiff.

38. Defendant denies each and every allegations set forth in Paragraph "38" of the Complaint, except admits that NYRA paid Plaintiff an annual salary of $150,000.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies each and every allegation set forth in Paragraph "40" of the Complaint, except admits Plaintiff was out of work on a leave of absence for a period of time.

41. Defendant denies each and every allegation set forth in Paragraph "41" of the Complaint, except admits Defendant NYRA issued Plaintiff an annual performance evaluation in or about December 2024.

42. Defendant denies each and every allegation in Paragraph "42" of the Complaint, except admits Plaintiff returned from a leave of absence in or about January 2025.

43. Defendant admits the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint, except admits Defendant NYRA compensated Plaintiff for his work during his employment with NYRA.

### AS TO "FACTUAL ALLEGATIONS"

### As to "Plaintiff's Employment With Defendant"

45. Defendant denies each and every allegation set forth in Paragraph "45" of the Complaint, except admits Plaintiff was employed by NYRA and held the position of Head Starter for a period of time.

46. Defendant denies each and every allegation in Paragraph "46" of the Complaint, except admits Plaintiff held the positions of Assistant Starter and Head Starter during his employment with NYRA.

6

47. Defendant denies each and every allegation in Paragraph "47" of the Complaint.

48. Defendant denies each and every allegation set forth in Paragraph "48" of the Complaint.

49. Defendant denies each and every allegation set forth in Paragraph "49" of the Complaint.

50. Defendant denies each and every allegation set forth in Paragraph "50" of the Complaint.

51. Defendant denies each and every allegation set forth in Paragraphs "51(a)-(j)" of the Complaint.

52. Defendant denies each and every allegation set forth in Paragraph "52" of the Complaint.

53. Defendant denies each and every allegation set forth in Paragraph "53" of the Complaint.

54. Defendant denies each and every allegation set forth in Paragraph "54" of the Complaint.

55. Defendant denies each and every allegation set forth in Paragraph "55" of the Complaint.

56. Defendant denies each and every allegation set forth in Paragraph "56" of the Complaint.

57. Defendant denies each and every allegation set forth in Paragraph "57" of the Complaint.

58. Defendant denies each and every allegation set forth in Paragraph "58" of the Complaint.

59. Defendant denies each and every allegation set forth in Paragraph "59" of the Complaint.

60. Defendant denies each and every allegation set forth in Paragraph "60" of the Complaint.

61. Defendant denies each and every allegation set forth in Paragraph "61" of the Complaint.

62. Defendant denies each and every allegation set forth in Paragraph "62" of the Complaint.

63. Defendant denies each and every allegation set forth in Paragraph "63" of the Complaint.

64. Defendant denies each and every allegation set forth in Paragraph "64" of the Complaint.

65. Defendant admits the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies each and every allegation set forth in Paragraph "66" of the Complaint.

67. The allegations contained in Paragraph "67" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "67" of the Complaint.

**As to "Plaintiff's Injury and Subsequent Unlawful Employment Actions Perpetrated by Defendant – Retaliation"**

68. Defendant knowledge or information sufficient to form a belief as to the ruth of the allegations set forth in Paragraph "68" of the Complaint.

69. Defendant denies each and every allegation set forth in Paragraph "69" of the Complaint.

70. Defendant denies each and every allegation set forth in Paragraph "70" of the Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "71" of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "72" of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "73" of the Complaint.

74. Defendant denies each and every allegation set forth in Paragraph "74" of the Complaint, except admits, Plaintiff was out of work on a leave of absence during his employment with NYRA.

75. Defendant denies each and every allegation set forth in Paragraph "75" of the Complaint, except admits NYRA issued Plaintiff an annual performance evaluation in 2024.

76. Defendant denies each and every allegation set forth in Paragraph "76" of the Complaint.

77. Defendant denies each and every allegation set forth in Paragraph "77" of the Complaint.

78. Defendant denies each and every allegation set forth in Paragraph "78" of the Complaint.

79. Defendant denies each and every allegation set forth in Paragraph "79" of the Complaint.

80. Defendant denies each and every allegation set forth in Paragraph "80" of the Complaint.

81. Defendant denies each and every allegation set forth in Paragraph "81" of the Complaint.

82. Defendant denies each and every allegation set forth in Paragraph "82" of the Complaint.

83. Defendant denies each and every allegation set forth in Paragraph "83" of the Complaint.

84. Defendant denies each and every allegation set forth in Paragraph "84" of the Complaint.

85. Defendant denies each and every allegation set forth in Paragraph "85" of the Complaint.

86. Defendant denies each and every allegation set forth in Paragraph "86" of the Complaint.

87. Defendant denies each and every allegation set forth in Paragraph "87" of the Complaint.

88. Defendant denies each and every allegation set forth in Paragraph "88" of the Complaint.

<u>**As to "Discrimination and Retaliation"**</u>

89. Defendant denies each and every allegation set forth in Paragraph "89" of the Complaint.

90. Defendant denies each and every allegation set forth in Paragraph "90" of the Complaint.

91. Defendant denies each and every allegation set forth in Paragraph "91" of the Complaint.

92. Defendant denies each and every allegation set forth in Paragraph "92" of the Complaint.

93. Defendant denies each and every allegation set forth in Paragraph "93" of the Complaint.

94. Defendant denies each and every allegation set forth in Paragraph "94" of the Complaint.

95. Defendant denies each and every allegation set forth in Paragraph "95" of the Complaint.

96. Defendant denies each and every allegation set forth in Paragraph "96" of the Complaint.

97. Defendant denies each and every allegation set forth in Paragraph "97" of the Complaint.

98. Defendant denies each and every allegation set forth in Paragraph "98" of the Complaint.

99. Defendant denies each and every allegation set forth in Paragraph "99" of the Complaint.

100. Defendant denies each and every allegation set forth in Paragraph "100" of the Complaint.

101. Defendant denies each and every allegation set forth in Paragraph "101" of the Complaint.

102. Defendant denies each and every allegation set forth in Paragraph "102" of the Complaint.

103. Defendant denies each and every allegation set forth in Paragraph "103" of the Complaint, except admits NYRA terminated Plaintiff's employment on or about March 2, 2025.

104. Defendant denies each and every allegation set forth in Paragraph "104" of the Complaint.

105. Defendant denies each and every allegation set forth in Paragraph "105" of the Complaint.

**As to "Defamation and Negligent Supervision"**

106. Defendant denies each and every allegation set forth in Paragraph "106" of the Complaint.

107. The allegations contained in Paragraph "107" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "107" of the Complaint.

108. Defendant denies each and every allegation set forth in Paragraph "108" of the Complaint.

109. Defendant denies each and every allegation set forth in Paragraph "109" of the Complaint, except admits NYRA issued a Trespass Notice on or about March 2, 2025.

110. Defendant denies each and every allegation set forth in Paragraph "110" of the Complaint, except admits that NYRA issued Plaintiff a Trespass Notice on or about March 3, 2025.

111. Defendant denies each and every allegation set forth in Paragraph "111" of the Complaint.

112. Defendant denies each and every allegation set forth in Paragraph "112" of the Complaint.

113. Defendant denies each and every allegation set forth in Paragraph "113" of the Complaint.

114. Defendant each and every allegation set forth in Paragraph "114" of the Complaint.

115. Defendant denies each and every allegation set forth in Paragraph "115" of the Complaint.

116. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "116" of the Complaint.

117. Defendant denies each and every allegation set forth in Paragraph "117" of the Complaint.

### As To "NYLL Section 195(1) and NYLL § 195(3) Claims – Failure to Provide Wage Notices and Wage Statements"

118. Defendant denies each and every allegation set forth in Paragraph "118" of the Complaint, except admits Plaintiff purports to assert claims under the New York Labor Law.

119. Defendant denies each and every allegation set forth in Paragraph "119" of the Complaint.

120. Defendant denies each and every allegation set forth in Paragraph "120" of the Complaint.

121. Defendant denies each and every allegation set forth in Paragraph "121" of the Complaint.

122. Defendant denies each and every allegation set forth in Paragraph "122" of the Complaint.

123. Defendant denies each and every allegation set forth in Paragraph "123" of the Complaint.

124. Defendant denies each and every allegation set forth in Paragraph "124" of the Complaint.

125. Defendant denies each and every allegation set forth in Paragraph "125" of the Complaint.

126. Defendant denies each and every allegation set forth in Paragraph "126" of the Complaint.

127. Defendant denies each and every allegation set forth in Paragraph "127" of the Complaint.

128. Defendant denies each and every allegation set forth in Paragraph "128" of the Complaint.

129. Defendant denies each and every allegation set forth in Paragraph "129" of the Complaint.

130. The allegations contained in Paragraph "130" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "130" of the Complaint.

131. Defendant denies each and every allegation set forth in Paragraph "131 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION

## (Violation of the Fair Labor Standards Act – 29 U.S.C. § 201 et seq – Unpaid Overtime)"

132.    Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "131" as though fully set forth herein in response to Paragraph "132" of the Complaint.

133.    The allegations contained in Paragraph "133" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "133" of the Complaint.

134.    The allegations contained in Paragraph "134" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "134" of the Complaint.

135.    The allegations contained in Paragraph "135" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "135" of the Complaint.

136.    Defendant denies each and every allegation set forth in Paragraph "136" of the Complaint.

137.    Defendant denies each and every allegation set forth in Paragraph "137" of the Complaint.

138.    Defendant denies each and every allegation set forth in Paragraph "138" of the Complaint.

139. The allegations contained in Paragraph "139" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "139" of Plaintiff's Complaint.

140. Defendant denies each and every allegation set forth in Paragraph "140" of the Complaint.

141. Defendant denies each and every allegation set forth in Paragraph "141" of the Complaint.

142. Defendant denies each and every allegation set forth in Paragraph "142" of the Complaint.

143. Defendant denies each and every allegation set forth in Paragraph "143" of the Complaint.

144. The allegations contained in Paragraph "144" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "144" of the Complaint.

145. Defendant denies each and every allegation set forth in Paragraph "145" of the Complaint.

146. The allegations contained in Paragraph "146" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "146" of the Complaint.

147. The allegations contained in Paragraph "147" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed

required, Defendant denies each and every allegation set forth in Paragraph "147" of the Complaint.

148.	The allegations contained in Paragraph "148" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "148" of the Complaint.

## AS TO "SECOND CAUSE OF ACTION

### (Violations of the New York Labor Law – Unpaid Overtime)""

149.	Defendant repeats and reallege its responses to each and every allegation set forth in Paragraphs "1" through "148" as though fully set forth herein in response to Paragraph "149" of the Complaint.

150.	The allegations contained in Paragraph "150" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "150" of the Complaint.

151.	The allegations contained in Paragraph "151" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "151" of the Complaint.

152.	Defendant denies each and every allegation set forth in Paragraph "152" of the Complaint.

<strong><u>AS TO "THIRD CAUSE OF ACTION</u></strong>

<strong><u>(Violations of the New York Labor Law – Failure to Provide Wage Notice)</u></strong>

153. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "152" as though fully set forth herein in response to Paragraph "153" of the Complaint.

154. The allegations contained in Paragraph "154" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "154" of the Complaint.

155. Defendant denies each and every allegation set forth in Paragraph "155" of the Complaint.

<strong><u>AS TO "FOURTH CAUSE OF ACTION</u></strong>

<strong><u>(Violations of the New York Labor Law – Failure to Provide Accurate Wage Statements)"</u></strong>

156. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "155" as though fully set forth herein in response to Paragraph "156" of the Complaint.

157. The allegations contained in Paragraph "157" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "157" of the Complaint.

158. Defendant denies each and every allegation set forth in Paragraph "158" of the Complaint

**AS TO "FIFTH CAUSE OF ACTION**

**(Violations of New York State Human Rights Law, New York Executive Law § 296** *et seq.* **–**

**Unlawful Discrimination)"**

159. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "158" as though fully set forth herein in response to Paragraph "159" of the Complaint.

160. Defendant denies each and every allegation set forth in Paragraph "160" of the Complaint.

161. Defendant denies each and every allegation set forth in Paragraph "161" of the Complaint.

162. Defendant denies each and every allegation set forth in Paragraph "162" of the Complaint.

163. Defendant denies each and every allegation set forth in Paragraph "163" of the Complaint.

**AS TO "SIXTH CAUSE OF ACTION"**

**(Violations of New York City Human Rights Law, Admin Code § 8-107** *et seq.*

**(NYCHRL – Unlawful Discrimination)"**

164. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "163" as though fully set forth herein in response to Paragraph "164" of the Complaint.

165. Defendant denies each and every allegation set forth in Paragraph "165" of the Complaint.

166. Defendant denies each and every allegation set forth in Paragraph "166" of the Complaint.

19

167. Defendant denies each and every allegation set forth in Paragraph "167" of the Complaint.

168. Defendant denies each and every allegation set forth in Paragraph "168" of the Complaint.

## AS TO "SEVENTH CAUSE OF ACTION

## (Violations of New York State Human Rights Law, New York State Executive Law, § 296 *et seq.* – Unlawful Retaliation)"

169. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "168" as though fully set forth herein in response to Paragraph "169" of the Complaint.

170. Defendant denies each and every allegation set forth in Paragraph "170" of the Complaint.

171. Defendant denies each and every allegation set forth in Paragraph "171" of the Complaint.

172. Defendant denies each and every allegation set forth in Paragraph "172" of the Complaint.

173. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "173" of the Complaint.

## AS TO "EIGHTH CAUSE OF ACTION

## (Violations of New York City Human Rights Law ("NYCHRL") § 8-107 – Unlawful Retaliation)"

174. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "173" as though fully set forth herein in response to Paragraph "174" of the Complaint.

175. The allegations contained in Paragraph "175" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation set forth in Paragraph "175" of the Complaint.

176. Defendant denies each and every allegation set forth in Paragraph "176" of the Complaint.

177. Defendant denies each and every allegation set forth in Paragraph "177" of the Complaint.

178. Defendant denies each and every allegation set forth in Paragraph "178" of the Complaint.

179. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "179" of the Complaint.

180. Defendant denies each and every allegation set forth in Paragraph "180" of the Complaint.

## AS TO "NINTH CAUSE OF ACTION

## (Violations of Section 120 of the Workers Compensation Law - Unlawful Retaliation)"

181. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "180" as though fully set forth herein in response to Paragraph "181" of the Complaint.

182. Defendant denies each and every allegation set forth in Paragraph "182" of the Complaint.

183. Defendant denies each and every allegation set forth in Paragraph "183" of the Complaint.

184. Defendant denies each and every allegation set forth in Paragraph "184" of the Complaint.

185. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "185" of the Complaint.

186. Defendant denies each and every allegation set forth in Paragraph "186" of the Complaint.

### AS TO "TENTH CAUSE OF ACTION

### (Violations of New York Labor Law § 215 – Unlawful Retaliation)"

187. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "186" as though fully set forth herein in response to Paragraph "187" of the Complaint.

188. Defendant denies each and every allegation set forth in Paragraph "188" of the Complaint.

189. Defendant denies each and every allegation set forth in Paragraph "189" of the Complaint.

190. Defendant denies each and every allegation set forth in Paragraph "190" of the Complaint.

191. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "191" of the Complaint.

192. Defendant denies each and every allegation set forth in Paragraph "192" of the Complaint.

## AS TO "ELEVENTH CAUSE OF ACTION

### (Common Law Violation Breach of Contract)"

193. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "192" as though fully set forth herein in response to Paragraph "193" of the Complaint.

194. Defendant denies each and every allegation set forth in Paragraph "194" of the Complaint.

195. Defendant denies each and every allegation set forth in Paragraph "195" of the Complaint.

196. Defendant denies each and every allegation set forth in Paragraph "196" of the Complaint.

197. Defendant denies each and every allegation set forth in Paragraph "197" of the Complaint.

198. Defendant denies each and every allegation set forth in Paragraph "198" of the Complaint.

## AS TO "TWELFTH CAUSE OF ACTION

### (Common Law Violation of Defamation)"

199. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "198" as though fully set forth herein in response to Paragraph "199" of the Complaint.

200. Defendant denies each and every allegation set forth in Paragraph "200" of the Complaint.

201. Defendant denies each and every allegation set forth in Paragraph "201" of the Complaint, except denies knowledge or information sufficient to form a belief as to speculation alleged in Paragraph "201" of the Complaint.

202. Defendant denies each and every allegation set forth in Paragraph "202" of the Complaint.

203. Defendant denies each and every allegation set forth in Paragraph "203" of the Complaint.

204. Defendant denies each and every allegation set forth in Paragraph "204" of the Complaint.

## AS TO "TWELFTH CAUSE OF ACTION

## (Common Law Violation of Negligent Supervision)"

205. Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs "1" through "204" as though fully set forth herein in response to Paragraph "205" of the Complaint.

206. Defendant denies each and every allegation set forth in Paragraph "206" of the Complaint.

207. Defendant denies each and every allegation set forth in Paragraph "207" of the Complaint.

208. Defendant denies each and every allegation set forth in Paragraph "208" of the Complaint.

209. Defendant denies each and every allegation set forth in Paragraph "209" of the Complaint.

210. Defendant denies each and every allegation set forth in Paragraph "210" of the Complaint.

211. Defendant denies each and every allegation set forth in Paragraph "211" of the Complaint.

212. Defendant denies each and every allegation set forth in Paragraph "212" of the Complaint.

213. Defendant denies each and every allegation set forth in Paragraph "213" of the Complaint.

214. Defendant denies each and every allegation set forth in Paragraph "214" of the Complaint.

**AS TO "PRAYER FOR RELIEF"**

215. The "WHEREFORE" clause following Paragraph "215" of the Complaint, including subparagraphs "A" through "J," set forth Plaintiff's Prayer For Relief to which no responsive pleading is required. However, to the extent a responsive pleading is required; Defendant denies that Plaintiff is entitled to any relief whatsoever.

**STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that Defendant would not otherwise have.

**AS AND FOR A FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**AS AND FOR A SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

At all relevant times, Defendant's actions with respect to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, unclean hands, laches, and/or set-off.

## AS AND FOR A FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendant.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claims for liquidated and/or punitive damages are barred, in whole or in part, to the extent such damages are not available for the claims alleged and/or because Defendant did not engage in conduct with the required level of culpability to justify an award of liquidated and/or punitive damages.

## AS AND FOR A SEVENTH DEFENSE

Defendant and its managerial agents engaged in good faith efforts to comply with the law, and therefore cannot be held liable for punitive damages.

## AS AND FOR AN EIGHTH DEFENSE

At all relevant times, Defendant acted reasonably and in good faith and did not violate, interfere with, refuse or deny any rights that may be secured to Plaintiff under federal, state, or local laws, rules, regulations, codes or guidelines or under common law.

**AS AND FOR A NINTH DEFENSE**

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in Plaintiff's Complaint and any damages which Plaintiff allegedly suffered.

**AS AND FOR A TENTH DEFENSE**

Plaintiff's claims alleging discrimination are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defend

ant's preventive or corrective opportunities or to avoid harm otherwise.

**AS AND FOR AN ELEVENTH DEFENSE**

Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights.

**AS AND FOR A TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

**AS AND FOR A THIRTEENTH DEFENSE**

Plaintiff's claims are barred, to the extent any contractual obligations existed, because Plaintiff's acts, conduct, and/or omissions broke the covenant of good faith and fair dealing.

**AS AND FOR A FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because no duty was owed by NYRA to Plaintiff under Federal, State, or Local Law

**AS AND FORTH A FIFTEENTH DEFENSE**

27

Plaintiff's claims are barred, in whole or in part, because his employment at all relevant times to this action was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### AS AND FORTH A SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of neutral reportage.

### AS AND FOR A SEVENTEETH DEFENSE

Any and all statements made or issued by Defendant of or concerning Plaintiff were neither made with knowledge of their falsity nor made with reckless disregard for whether they were true or false.

### AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy of the New York State Workers' Compensation Statute.

### GENERAL DENIAL AND RESERVATION OF RIGHTS

Defendant denies all claims and allegations not unequivocally admitted herein and reserves the right to plead additional separate, affirmative and other defenses which may be ascertained during the course of this action or otherwise.

**WHEREFORE,** Defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety with prejudice;

b. Deny each and every demand, claim, and prayer for relief set forth in the Complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this action; and

d.  Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

JACKSON LEWIS P.C.

666 Third Avenue, 28th Floor
New York, New York 10017
Tel: (212) 545-4000
Fax: (212) 972-3213
Mary.Smith@jacksonlewis.com
Delonie.Plummer@jacksonlewis.com

By: _____

Mary A. Smith, Esq.
Delonie A. Plummer, Esq.

*Attorneys for Defendant*

Dated: New York, New York
        June 9, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HECTOR SOLER,

                                                    Plaintiff,

                    -against-

                                                                        Case No. 1:25-cv-02084

THE NEW YORK RACING ASSOCIATION INC.
d/b/a/ NYRA,

                                                    Defendant.

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of Defendant The New York Racing

Association, Inc's Answer to the Complaint has been electronically filed and served via ECF and

via E-mail on June 9, 2025 to counsel of record at the addresses set forth below:

Nadia M. Pervez
Aneeba Rehman
Pervez & Rehman, P.C.
6268 Jericho Turnpike, Suite 8
Commack, New York 11725
Telephone: 631-427-0700
arehman@pervezrehman.com

Andrew J. Mollica
1205 Franklin Avenue, Suite 16LL
Garden City, New York 11530

*Attorneys for Plaintiff*

*/s/ Delonie A. Plummer*
Delonie A. Plummer

4894-6082-2689, v. 1